UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL ROY ABRAM,

    Plaintiff,

v.     Case No. 3:20cv4291-MCR-HTC

SENIOR DISTRICT COURT JUDGE LACEY A COLLIER,
MAGISTRATE JUDGE MILES DAVIS,
UNITED STATES ATTORNEY GREGORY R MILLER,
ASSISTANT UNITED STATES ATTORNEY STEPHEN P PRIESSER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION FOR DISMISSAL

Samuel Roy Abram ("Abram"), an inmate of the Bureau of Prisons, initiated this case *pro se* by filing a document entitled "Bill of Privilege" delivered to prison mail officials on February 24, 2020. ECF Doc. 1. The clerk docketed it as a complaint under 42 U.S.C. § 1983, and the matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review, the undersigned recommends the case be dismissed because (1) Plaintiff is a 3-striker and (2) Plaintiff's filing is nonsensical and seeks relief against persons who are immune from liability.

## I.  PLAINTIFF IS A 3-STRIKER

The undersigned has reviewed Plaintiff's litigation history and finds that Plaintiff's case should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has filed at least three (3) prior actions that have been dismissed for failure to state a claim or as frivolously filed.  Indeed, Plaintiff has been identified as a 3-striker in at least two (2) other actions, including one that was pending in this District.  *See Abram v. United States*, Case No.: 3:17-cv-723/LAC/EMT, Order, ECF Doc. 4 (N.D. Fla. October 16, 2017) (recognizing Plaintiff as a "three striker" and dismissing civil complaint titled as "Bill in Equity" pursuant to § 1915(g))*; Abram v. United States of America*, Case No. 5:16-cv-00458-WTH-PRL, Order, ECF No. 7 (M.D. Fla. Oct. 11, 2016) (same).  Plaintiff is, thus, well aware that he is prohibited from proceeding *in forma pauperis* and from proceeding without the payment of the full filing fee.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g

Case No. 3:20cv4291-MCR-HTC

The Court takes judicial notice of the following prior federal civil actions filed by Plaintiff, while incarcerated, that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Abram v. United States of America*, Case No. 5:16-cv-00728-WTH-PRL, Order, ECF No. 4 (M.D. Fla. Jan. 9, 2017) (dismissing, as frivolous, civil rights complaint titled as "Bill in Equity" filed by Plaintiff while incarcerated at the United States Penitentiary in Pollock, Louisiana); *Abram v. Fidelity Investments*, Case No. 3:15-cv-00309-LAC-CJK, Order, ECF No. 23 (N.D. Fla. Apr. 1, 2016) (dismissing, for failure to state a claim, civil complaint filed by Plaintiff while incarcerated at the United States Penitentiary in Pollock, Louisiana); *Abram v. Marsh, et al.*, Case No. 3:15-cv-00107-MCR-CJK, Order, ECF No. 6 (N.D. Fla. Apr. 23, 2015) (dismissing, as frivolous and for failure to state a claim, civil complaint filed by Plaintiff while incarcerated at the United States Penitentiary in Pollock, Louisiana); *Abram v. Marsh, et al.,* Case No. 3:14-cv-00164-RV-EMT, Order, ECF No. 22 (N.D. Fla. Feb. 2, 2015) (dismissing, for failure to state a claim, civil complaint filed by Plaintiff while incarcerated at the United States Penitentiary in Pollock, Louisiana); *Abram v. Mnuchin*, 1:18cv2022(UNA), Memorandum Opinion, ECF Doc. 7 (D.C.Dist. Feb. 6, 2019) (dismissing complaint prior to service as frivolous); *Abram v. Melton*, 1:16cv878-DEW-JPM, Judgment Adopting Report and Recommendation, ECF Doc. 15 (W.D.La Sept. 30, 2016) (dismissing FTCA

complaint prior to service for failure to state a claim); *Abram v. United States*, 1:18cv415-P, Judgment Adopting Report and Recommendations, ECF Doc. 14 (W.D.La. July 10, 2018) (dismissing case prior to service for failure to state a claim).[1]

Given Plaintiff's litigation history, Plaintiff was required to pay the full filing fee at the time he filed this action, which he did not do. His failure to pay the full filing fee necessitates a dismissal of this action. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

The only exception to § 1915(g) is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and

---

[1] These cases may be positively identified as having been filed by Plaintiff because the BOP inmate number of the plaintiff in each of those cases is the same as Plaintiff's, BOP Inmate #11398- 002

Case No. 3:20cv4291-MCR-HTC

vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). Plaintiff has not made any such allegations in his filing, and, thus, this exception does not apply.

## II. PLAINTIFF'S "BILL" IS A FRIVOLOUS FILING

As an additional ground for dismissal, Plaintiff's filing is utterly frivolous, and an amendment would be futile. First, Plaintiff names as defendants to this action a former United States Attorney, a former Assistant United States Attorney, a current Senior United States District Court Judge and a current Senior Magistrate Judge. He seeks relief against them for their involvement with his criminal proceeding, Case #3:04-cr-90-LC. Each of these defendants are absolutely immune from liability. *See Allen v. Thompson*, 815 F.2d 1433 (11th Cir. 1987) (holding federal prosecutors are absolutely immune from liability for actions performed in their capacity as prosecutors); *Kinsey v. Watkins*, 460 F. App'x 877, 879 (11th Cir. 2012) (a "federal judge enjoys absolute immunity from a suit seeking damages arising from the judge's actions in his judicial capacity").

Second, it appears from Abram's filing that he may subscribe to the so-called "Sovereign Citizens Movement," the thrust of which is a claim that he is not subject to federal or state law based on an "utterly frivolous" reading of the Uniform Commercial Code. *Mells v. Loncon*, No. CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019); *see also Young v. PNC Bank, N.A.*, No. 3:16-cv-298-RV-

EMT, at *2 n.1 (N.D. Fla. Mar. 12, 2018) (describing the "hallmarks" of the "sovereign citizen theory"). The "sovereign citizen" argument challenging the Court's jurisdiction has been universally rejected as frivolous. *See, e.g.*, *Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (describing the argument as frivolous and "clearly baseless"); *Linge v. State of Ga.*, 569 F. App'x 895, 896 (11th Cir. 2014) ("to the extent that [the appellant] more broadly argues he is a sovereign citizen and is not subject to the jurisdiction of Georgia state courts or Georgia laws, both we and the district court lack jurisdiction to consider his claim because it is wholly insubstantial and frivolous").

Finally, in the final paragraph of Plaintiff's "Bill", he prays for this Court to "appoint a trustee to fully extinguish all the liabilities of the defendant in Case #3:04-cr-90-LC" and "provide Private Citizen Samuel Roy Abram with all the benefits, uses, enjoyments and other equitable relief I am entitled to." ECF Doc. 1 at 5-6. Based on this relief, this action was docketed as a civil rights action rather than a habeas corpus action. "Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus" while claims that "'fall outside of that core and may be brought pursuant to § 1983.'" *Daker v. Warden*, No. 18-13800, 2020 WL 751817, at *1 (11th Cir. Feb. 14, 2020) (citing *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004)).

To the extent Plaintiff is actually seeking to challenge his prior conviction, he must completely re-file a new action using the proper forms for a habeas petition

under 28 U.S.C. § 2254, identify the correct defendant (which would not be the named defendants) and state forth cognizable grounds for relief.  He must also state whether his petition is timely filed, particularly given that the judgment at issue is from a 2004 case.  He must also ensure that it is not a successive petition, and, if it is, he must first obtain permission from the Eleventh Circuit to file the petition.

### III.   CONCLUSION

Because Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, because it plainly appears that Plaintiff is not entitled to proceed *in forma pauperis*, and because this case is patently frivolous, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

DONE AND ORDERED this 12th day of March, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.